**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SPECIALIZED MONITORING SOLUTIONS LLC, § § § | |
| *Plaintiff*, § | CIVIL ACTION NO. 2:17-cv-00770 |
| § | |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| AT&T, INC. and § | |
| AT&T DIGITAL LIFE, INC., § § | |
| *Defendants*. | |

## ORIGINAL COMPLAINT

Plaintiff Specialized Monitoring Solutions, LLC ("Plaintiff" or "SMS"), by and through its attorneys, files its Original Complaint against AT&T Inc. and AT&T Digital Life, Inc. (collectively "Defendant" or "AT&T"), and demanding trial by jury, hereby alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe SMS's United States patent, as described herein.

2. Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services; and encourages others to use its products and services in an infringing manner, including their customers, as set forth herein.

3. SMS seeks past and future damages and prejudgment and post-judgment interest for Defendant's past infringement of U.S. Patent No. 6,657,553, as defined below.

## II.  PARTIES

4. Plaintiff SMS is a limited liability company organized and existing under the laws of the State of Texas.  SMS's registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. On information and belief, Defendant AT&T, Inc. is a corporation organized under the laws of Delaware, having established places of business at 1712 East Grand Avenue, Marshall, Texas 75670 and 4757 South Broadway Avenue Tyler, Texas 75703. Defendant AT&T Inc.'s registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. On information and belief, Defendant AT&T Digital Life, Inc. is a corporation organized under the laws of New York, having established places of business at 1712 East Grand Avenue, Marshall, Texas 75670 and 4757 South Broadway Avenue Tyler, Texas 75703. Defendant AT&T Digital Life, Inc.'s registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. On information and belief, AT&T Digital Life, Inc. is a wholly owned subsidiary of AT&T, Inc. On information and belief, AT&T, Inc. directs or controls the actions of AT&T Digital Life, Inc.

## III.  JURISDICTION AND VENUE

8. This is an action for patent infringement which arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

9. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has a regular and established place of

business in this Judicial District, has transacted business in this Judicial District, and has committed and/or induced acts of patent infringement in this Judicial District.

11. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## IV.  FACTUAL ALLEGATIONS

12. SMS is the owner of all right, title and interest in and to U.S. Patent No. 6,657,553 (the "'553 Patent"), entitled "Method of Monitoring a Protected Space."

13. The '553 Patent issued on December 2, 2003. At a high level, the claimed methods and apparatuses of the '553 Patent detect signal events occurring at a protected space, code the signal events into a packetized message, and transfer these coded packet messages to a database. The coded packet messages are stored in reserved areas and subareas of the database in accordance with the type of signal event and the respective protected space. Additionally, the coded message packets are accessible via the internet. A true and correct copy of the '553 Patent is attached as **Exhibit A.**

### DEFENDANT'S ACTS

14. Defendant provides hardware, software, and services that form building monitoring and automation systems, including AT&T-branded products.

15. For example, Defendant provides AT&T Digital Life home security and automation systems that utilize a database(s) with multiple secure storage areas, reserved for respective protected spaces, that store data related to various events that are detected by a sensor

of a protected space. This stored data is then made available to a manager of the protected space, via the internet, based on a password assigned to that manager. For example, the AT&T Digital Life home security and automation systems can utilize a water sensor to detect a leak in a customer's monitored home and save this information to an area of a database that corresponds to the customer's home and the type of event signal event detected. The customer is then able to log in to AT&T Digital Life's mobile application or website with a password to review the data associated with the detection of the water leak within their home.

> **What is Digital Life?**
>
> Digital Life is a smart home security service that you can use remotely with an app on your smartphone.
>
> **How does Digital Life work?**
>
> Digital Life offers devices for home security and home automation. Digital Life's home automation offers remote control of tasks like locking your doors, turning on lights and more. You can also set up and receive alerts based on activity happening in your home.

https://my-digitallife.att.com/learn/FAQ-Support



https://my-digitallife.att.com/learn/explore-home-automation



https://my-digitallife.att.com/content/dam/Support/dlusermanuals/DL-UserManual-V1-1-201303-REVISED.pdf

16. Defendant instructs its customers to infringe the '553 Patent, including through its provision of product documentation and support at https://my-digitallife.att.com/learn/FAQ-Support **a**nd https://my-digitallife.att.com/msupport/how-dl-works/digital-life-user-guides.html.

17. On information of belief, Defendant also implements contractual protections in the form of license and use restrictions with its customers to preclude the unauthorized reproduction, distribution and modification of its software and systems.  Moreover, on information and belief, Defendant implements technical precautions to attempt to prevent customers from circumventing the intended operation of Defendant's products.

## V. COUNT ONE

<u>INFRINGEMENT OF U.S. PATENT NO. 6,657,553</u>

18. SMS incorporates by reference its allegations in Paragraphs 1-18 as if fully restated in this paragraph.

19. SMS is the assignee and owner of all right, title and interest to the '553 Patent. SMS has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

20. On information and belief, Defendant, without authorization or license from SMS, has been and is presently directly infringing at least claims 1 and 35 of the '553 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '553 Patent.  Defendant is thus liable for direct infringement of the '553 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include AT&T Digital Life home security and automation systems that store signal events detected within a protected space in a reserved area and subarea of a database that corresponds to the protected space..

21. On information and belief, at least since the filing of the Original Complaint, Defendant, without authorization or license from SMS, has been and is presently indirectly infringing at least claims 1 and 35 of the '553 Patent, including actively inducing infringement of the '553 Patent under 35 U.S.C. § 271(b). Its conduct includes knowingly instructing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '553 Patent. Defendant instructs its customers to make and use the patented inventions of the '553 Patent by operating Defendant's products in accordance with Defendant's written specifications. Defendant specifically intends its customers to infringe by directing its customers to install, or have installed, its security and automation systems in the customer's home to generate and store data related to signal events within the customer's home and further to provide access to this stored data via the internet an infringing manner.

22. As a result of Defendant's infringement of the '553 Patent, SMS has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## VI. JURY DEMAND

23. Plaintiff SMS demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, SMS prays for judgment and seeks relief against Defendant as follows:

A. That the Court determine that one or more claims of the '553 Patent is infringed by Defendant, either literally or under the doctrine of equivalents;

B.    That the Court award damages adequate to compensate SMS for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C.    That the Court award such other relief to SMS as the Court deems just and proper.

DATED: December 12, 2017                    Respectfully submitted,

*/s/   Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

***Counsel for Plaintiff Specialize Monitoring Solutions, LLC***